**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

NERY JOSUE GARCIA BONILLA,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al.,

Respondents.

Case No. 1:26-cv-07597-JLT-SAB

A-Number: 220-803-861

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Doc. 1)

Nery Josue Garcia Bonilla is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Honduras. He entered the United States as a minor without inspection in November 2021, where he was encountered by U.S. Border Patrol near the Rio Grande Valley, Texas Border Patrol Sector. (Doc. 6 at 14.) Petitioner was then processed with a Notice to Appear and released on his own recognizance. (*Id.*) There is no indication in the record that Petitioner has a criminal history or otherwise presents a flight risk or danger to the community. Yet, on August 26, 2026, Petitioner was stopped by local law enforcement during a routine traffic stop in Virginia

and was transferred into ICE custody. (*Id*.; *see also* Form I-200 Warrant for Arrest, Doc. 6 at 17.) Petitioner is detained at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On September 18, 2026, Petitioner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 6.) On October 13, 2026, Respondents filed a motion to dismiss the habeas petition, arguing that Petitioner failed to exhaust his administrative remedies pursuant to 8 U.S.C. § 1226(a). (*See* Doc. 16.) On October 14, 2026, Respondents informed the Court that a Form I-286 Notice of Custody Redetermination was filed with the immigration court that day and that Petitioner requested a bond hearing. (Doc. 7.) On October 15, 2026, Respondents informed the Court that Petitioner's bond hearing was scheduled for October 26, 2026. (Doc. 8.) On November 2, 2026, Respondents informed the Court that Petitioner was provided with a bond hearing on October 26, 2026, where the Petitioner withdrew his bond request since Petitioner requested additional time to potentially seek counsel. (Doc. 10.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

### A. Exhaustion

In their motion to dismiss the habeas petition, Respondents contend that because Petitioner failed to exhaust his administrative remedies before bringing this habeas action by not requesting a new custody redetermination. (Doc. 6 at 2-4.) 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."

*Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted).

As a threshold matter, pursuit of the available administrative remedy—namely, a custody redetermination hearing before an IJ pursuant to 8 C.F.R. § 1236.1(d)(1)—is inadequate and inefficacious, given that Petitioner had been detained for nearly two months before Respondents provided him with a Form I-286 Notice of Custody Redetermination. (*See* Doc. 7.) Not only would administrative remedies be inadequate and ineffective to cure Petitioner's lack of pre-deprivation procedures, but Petitioner's continued wrongful detention will result in irreparable injury for the reasons set forth in this Court's Order in *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 (E.D. Cal. Jan. 29, 2026). On the facts of this case, the court concludes that waiving the prudential exhaustion requirement is appropriate.

**B. Due Process**

Respondents do not dispute that Petitioner was initially detained in November 2021, then released on his own recognizance. (Doc. 6 at 2-3.) Nor do Respondents make any attempt to distinguish this case from the many decisions granting immediate release when Respondents fail

to demonstrate any circumstances that would warrant a finding that a Petitioner is a flight risk or a danger to the community. *See Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, for the reasons stated in the orders cited above, the court concludes that petitioner's detention without notice and a pre-detention hearing violates due process and will order petitioner's immediate release

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.
2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];
3. The Clerk of Court is directed to California City Detention Facility in California City, California, with a copy of this Order.

///

///

///

///

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: _November 13, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE